IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| LYNN J. WHATLEY, #1259565 | § | |
| VS. | § | CIVIL ACTION NO. 4:06cv228 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Lynn J. Whatley, an inmate confined in the Texas prison system, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was transferred to the undersigned by consent of the parties pursuant to 28 U.S.C. § 636 ( c).

Background

Petitioner is complaining about his Parker County conviction for aggravated assault with a deadly weapon, Cause Number CR03-15641-43. Jurisdiction is permissible in this Court as Petitioner is incarcerated in the Choice Moore Unit in Bonham, Fannin County, Texas. After being charged by indictment with aggravated assault with a deadly weapon, he pleaded guilty as charged and was sentenced to ten (10) years of imprisonment. After an abatement hearing concerning his notice of appeal, Petitioner informed the Second Court of Appeals that he no longer wished to proceed with his appeal; accordingly, the court dismissed his appeal on May 5, 2005. *Whatley v. State,* Nos. 2-04-438-CR, 2-04-439-CR (Tex. App.–Fort Worth [2nd Dist.] May 5, 2005) (unpublished). Petitioner did not file a petition for discretionary review. However, he filed an application for state writ of habeas corpus on March 10, 2006, which was denied without written

1

order on April 26, 2006.

Petitioner filed the present petition on June 5, 2006. He alleges he is entitled to relief because:

1. His guilty plea was involuntary;

2. Trial counsel was ineffective when he:

   a. made promises to coerce Petitioner to plead guilty; and

   b. failed to investigate;

3. He did not sign his plea agreement and stipulations in the judge's presence;

4. Appellate counsel was ineffective when he did not file an appellate brief.

The Attorney General provided a Response, asserting that Petitioner's claims are without merit. Petitioner did not file a Reply.

## Federal Habeas Corpus Relief

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996. The new provisions

of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

A decision by a state court is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the law set forth in" the Supreme Court's cases. *Williams*, 529 U.S. at 405-06. A federal court's review of a decision based on the "unreasonable application" test should only review the "state court's 'decision' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas corpus court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, that application must be objectively unreasonable. *Id.* at 409. The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir 1998) (internal quotation marks and citations omitted).

3

The trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001). A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). The AEDPA has modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under law. *Beel v. Cone*, 535 U.S. 685, 693, 122 S. Ct. 1843, 1849, 152 L. Ed.2d 914 (2002); *see Williams*, 529 U.S. at 404. A state application that is denied without written order by the Texas Court of Criminal Appeals, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits). Additionally, federal habeas relief is foreclosed if a claim (1) is procedurally barred as a consequence of a failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed.2d 640 (1991); (2) seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989); or (3) asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722, 123 L. Ed.2d 353 (1993).

<u>Petitioner's Guilty Plea</u>

A guilty plea generally waives constitutional deprivations occurring prior to the plea,

4

*Haring v. Prosise*, 462 U.S. 306, 319-20, 103 S. Ct. 2368, 2376-77, 76 L. Ed.2d 595 (1983), except a habeas claim challenging the validity of the guilty plea itself, *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000), *cert. denied,* 531 U.S. 830, 121 S. Ct. 291, 148 L. Ed.2d 44 (2000). A knowing and voluntary guilty plea waives all nonjurisdictional deprivations that occurred prior to the plea. *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed.2d 235 (1973). Once a guilty plea has been entered, all nonjurisdictional defects in the proceedings are waived. *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992). This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the giving of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983), *cert. denied*, 466 U.S. 906, 104 S. Ct. 1685, 80 L. Ed.2d 159 (1984).

If a petitioner challenges his guilty plea, there must be independent indicia of the likely merit of his contentions, and mere contradictions of his statements at the guilty plea will not carry his burden. *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir. 1987). The validity of a guilty plea is a question of law and will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently. *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). "The critical issue in determining whether a plea was voluntary and intelligent is 'whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect.'" *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (*quoting Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991)). The "knowing" requirement that a defendant understand the consequences of a guilty plea means only that the defendant understand the maximum prison term and fine for the offense charge. *Ables v. Scott*, 73 F.3d 591, 592 n. 2 (5th Cir. 1996) (*citing United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)). It must also be noted that conclusory claims

are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 7 99 (5th Cir. 1982).

Petitioner presents no evidence that his guilty plea was involuntary or unknowing. Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)). He has not alleged any specific facts showing that he was not adequately informed of the nature of the charges against him or the range of punishment prior to his guilty plea. Petitioner was admonished by the trial court as to the consequences of his plea, including admonishments as to the range of punishment as well as the maximum fine. The trial court received his "free and voluntary" guilty plea only after being certain that Petitioner understood the consequences of his plea, that his plea was being given voluntarily, and that he was competent to stand trial. Petitioner considered the State's position, the offense charged, and that the range of punishment in his case was no less than two (2) years and no more than twenty (20) years. He stipulated to the evidence against him and judicially confessed to the offense as charged. He affirmed that his plea was made freely, knowingly, and voluntarily, and that he was satisfied with his trial counsel's performance. When the record shows that the trial court properly admonished a defendant, as it does here, it presents a *prima facie* showing that the guilty plea was knowing and voluntary, and the burden then shifts to the defendant to establish that he did not understand the consequences of his plea. *Hernandez v. State*, 885 S.W.2d 597, 601 (Tex. App.–El Paso 1994).

Although Petitioner claims that his trial counsel promised him that he would receive a five-year (5) sentence or probation if he pleaded, guilty, Petitioner presents nothing in support of this

6

allegation. Furthermore, nothing in the record supports this contention. The record shows that he was informed that his punishment range was two (2) to twenty (20) years of imprisonment and a $10,000 fine. Petitioner's claim is conclusory, without support, and is contradictory to the evidence in the record.

The inquiry is still one of Petitioner's knowledge of the range of punishment and fine charged. *Ables*, 73 F.3d at 592 n.2. Petitioner makes no claim that he was not admonished to the range of punishment or possible fine for the offense charged. In his judicial confession, Petitioner stated, "I am aware of the consequences of my plea, am mentally competent to enter such plea, and my plea is made freely, knowingly and voluntarily." He also stated in his judicial confession, "I am able to read the English language. I fully understand each of the admonishments given by the Court in the documents . . ." The record reflects that Petitioner was properly admonished and knew that there was no plea bargain with the State. Petitioner has failed to demonstrate that his plea was involuntary.

Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his petition to be of probative evidentiary value, unsupported and unsupportable by anything else contained in the record. *Ross*, 694 F.2d 1008 at 1011. The state court's findings, entitled to a presumption of correctness, have not been rebutted by Petitioner with clear and convincing evidence to the contrary. *Valdez*, 274 F.3d at 947. This Court cannot conclude that "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis*, 158 F.3d at 812.

Petitioner is also not entitled to relief because he has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an

7

unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at 1224-25. Nor has he shown that the State court findings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. *Id*. Petitioner's guilty plea will be upheld on habeas review as it was entered into knowingly, voluntarily, and intelligently. *Montoya* , 226 F.3d at 404.

<u>Guilty Plea Waived Remaining Ineffective Assistance Claims</u>

Because this Court has concluded that Petitioner's plea was voluntary, any allegations of ineffective assistance of counsel that occurred prior to his plea have been waived. *Smith*, 711 F.2d at 682. Petitioner claims that his counsel was ineffective for failure to investigate. He states that, as a child, he was injured and underwent four surgeries, resulting in a hindering effect in his ability to make decisions. He believes that had his counsel investigated further, he would have discovered that Petitioner had diminished mental skills. He also faults counsel for failing to hire a private investigator, for failing to file a motion in limine, for failing to investigate the backgrounds of the witnesses again him, and for failing to produce witnesses who could testify to Petitioner's advantage.

It must first be noted that Petitioner has failed to provide any evidence of a medical or mental incapacity. The record also shows that trial counsel filed several pretrial motions including a motion in limini. Furthermore, Petitioner does not even allege, much less offer proof, that he would not have pleaded guilty and insisted on going to trial had counsel's performance been to his liking. He has failed to meet the *Strickland* standard of ineffective assistance of counsel. More pertinently, by pleading guilty, Petitioner waived all non-jurisdictional defects, including these

claims of ineffective assistance of counsel that do not concern the voluntariness of the plea. *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981).

Petitioner also asserts that his counsel was ineffective because he coerced him into pleading guilty by telling him that he would only receive five (5) years imprisonment or community supervision. The full range of punishment was known to Petitioner, and yet he chose to plead guilty to an open plea and take his chances with the punishment phase. This Court has already determined that Petitioner freely and voluntarily pleaded guilty with no evidence of coercion. This claim also fails.

Petitioner is also not entitled to relief because he has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at 1224-25. Nor has he shown that the State court findings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. *Id*. The state court's findings, entitled to a presumption of correctness, have not been rebutted by the petitioner with clear and convincing evidence to the contrary. *Valdez*, 274 F.3d at 947. This Court cannot conclude that "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis*, 158 F.3d at 812.

<u>Failure to Sign Plea Agreement and Stipulation in Judge's Presence</u>

Petitioner claims that he did not sign his plea agreement and stipulation in open court, which resulted in a violation of the Texas Code of Criminal Procedure. Texas courts provide that there is a presumption of the regularity of the judgment of conviction and the proceedings absent a

9

showing to the contrary. *Ex parte Wilson,* 716 S.W.2d 953, 956 (Tex. Crim. App. 1986). It is the Petitioner's burden to overcome this presumption. *Id*.

Petitioner has failed to show how signing the documents in an adjoining room prior to pleading guilty in open court harmed him. Federal habeas relief is available for the vindication of federal constitutional rights – not rights existing solely under state procedural rules. *Manning v. Blackburn*, 786 F.2d 710 711 (5th Cir. 1986). A state court's interpretation of what constitutes an offense under state law is not available for reinterpretation on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480, 116 L. Ed.2d 385 (1991); *Bridge v. Lynaugh*, 838 F.2d 770, 772 (5th Cir. 1998). Federal courts may intervene "only to correct wrongs of constitutional dimension." *Smith v. Phillips*, 455 U.S. 209, 221, 102 S. Ct. 940, 948, 71 L. Ed.2d 78 (1982); *Fierro v. Lynaugh*, 879 F.2d 1276, 1278 (5th Cir. 1989). Petitioner has failed to allege an error of constitutional dimension; accordingly, this claim lacks merit.

## Ineffective Assistance of Counsel on Appeal

The Fifth Circuit has held that to prevail on a claim of ineffective assistance of counsel on appeal, the petitioner must make a showing that had counsel performed differently, there would have been revealed issues and arguments of merit on the appeal. *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991), *citing Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). In a counseled appeal after conviction, the key is whether the failure to raise an issue worked to the prejudice of the defendant. *Sharp*, 930 F.2d at 453. This standard has been affirmed by the Supreme Court. *See Smith v. Robbins*, 528 U.S. 259, 285, 120 S. Ct. 746, 764, 145 L. Ed.2d 756 (2000) (holding that the petitioner must first show that his appellate attorney was objectively unreasonable in failing to find arguable issues to appeal, and also a reasonable

probability that, but for his counsel's unreasonable failure to file a merits brief raising these issues, he would have prevailed on his appeal). *See also Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed.2d 389 (2000); *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

Furthermore, an appellate counsel's failure to raise certain issues on appeal does not deprive an appellant of effective assistance of counsel where the petitioner did not show trial errors with arguable merit. *Hooks v. Roberts*, 480 F.2d 1196, 1198 (5th Cir. 1973). Appellate counsel is not required to consult with his client concerning the legal issues to be presented on appeal. *Id*. at 1197. An appellate attorney's duty is to choose among potential issues, using professional judgment as to their merits – every conceivable issue need not be raised on appeal. *Jones v. Barnes*, 463 U.S. 745, 749, 103 S. Ct. 3308, 3311-12, 77 L. Ed.2d 987 (1983).

In the present case, Petitioner asserts that his counsel was ineffective for failing to file an appellate brief. Petitioner states that he filed a *pro se* notice of appeal but then retained private counsel on appeal. However, on March 14, 2005, the Second Court of Appeals abated his appeal when no brief had been filed. It remanded the case to the trial court to determine Petitioner's intentions concerning his appeal. The trial court conducted a hearing on this matter on April 5, 2005. At the hearing, Petitioner stated that he did not wish to proceed with his appeal – "I do not want to proceed." The trial court further confirmed that Petitioner knew that he had the right to appeal and that counsel would be appointed if he was found indigent. Petitioner stated that he understood that he was freely and voluntarily waiving his right to appeal. For the record, Petitioner stated, "I feel that it would not be productive for me to [appeal]. I would not gain from it." Accordingly, on July 14, 2005, the appellate court dismissed Petitioner's appeal.

Petitioner's in-court statements that he did not wish to proceed with his appeal necessarily

11

negated the need for the filing of an appellate brief. Petitioner does not allege or show that his decision not to pursue his appeal was influenced in any way by his appellate counsel. Further, at the remand hearing, Petitioner was given the opportunity to have counsel appointed and continue his appeal. He declined to do so. Furthermore, Petitioner has not shown that, had counsel filed an appellate brief, there would have been issues and arguments of merit revealed on the appeal. *Sharp*, 930 F.2d at 453, *citing Strickland*, 466 U.S. at 687. This issue lacks merit.

## Conclusion

Petitioner has failed to show that any of his issues have merit. Further, in each of his claims, he has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams,* 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. Accordingly, his petition should be dismissed. It is therefore

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and Petitioner's case is **DISMISSED** with prejudice. It is further

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**SIGNED this 10th day of September, 2009.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE